UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFF LACKIE, *et al.*,

      Plaintiffs,

  v.                                      Case No.: 2:15-cv-3078
                                             JUDGE SMITH
                                             Magistrate Judge Deavers

U.S. WELL SERVICES, LLC.,

      Defendant.

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice (the "Motion for Conditional Certification") (Doc. 32), to which Defendant U.S. Well Services, LLC ("USWS") responded (Doc. 36).  Subsequently, the parties submitted a Joint Request in which the parties stipulated to conditional certification of the putative class and a number of other issues related to the present collective action (Doc. 38).  The parties agreed to language detailing all aspects of the Court-Authorized Notice (the "Notice") with the exception of whether the Notice should notify putative plaintiffs of the potential tax consequences associated with opting into the present action.  At the Court's request, the parties submitted briefing on the issue and each presented the Court with proposed notices.  The Court held a telephonic status conference to further discuss the matter.  The issue is now ripe for resolution.  Consistent with the following, Plaintiffs' Motion for Conditional Certification is **GRANTED.**

## I. BACKGROUND

Plaintiffs bring the present collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) on behalf of themselves and others similarly situated. As noted above, the parties have stipulated to conditional certification of a putative class which has been defined as:

> All current and former hourly employees who were employed by Defendant during the period of December 11, 2012 to March 15, 2015, received per diem payments, and worked more than forty hours in one or more workweeks in which the per diem payments were paid.

(Doc. 38, Joint Req. at 1). The parties further stipulated that counsel for Plaintiffs will serve as lead counsel for the collective action, Jeff Lackie and William Crandell will serve as the representative plaintiffs, and USWS shall provide the names and last-known contact information for all putative class members within twenty-one days of the Court's approval of the Notice. (*Id.* at 1–2).

In addition to the tax-language issue identified by the parties, the Court also finds it appropriate to make minor changes to the Notice's language concerning putative plaintiffs' right to select counsel of their own choosing and lead counsel's proposal to potentially "advance" the litigation expenses incurred by USWS in the event plaintiffs do not succeed on their claims and the Court awards said costs to USWS. Each of these three issues will be examined below.

## II. DISCUSSION

**A.  Inclusion of Language Reflecting Potential Tax Consequences for Putative Plaintiffs**

USWS argues that the relief sought by Plaintiffs and others similarly situated could potentially expose putative plaintiffs—by virtue of reclassifying certain monies paid to the putative plaintiffs in past years—to tax consequences that may not be readily apparent to them.

As such, according to USWS, putative plaintiffs should be warned of potential consequences and liabilities.  USWS proposes that the Notice contain the following language:

> If you join the lawsuit and are successful on the merits of your claim, you may face tax consequences as a result. Federal income taxes were not previously withheld from the per diem payments. If the Court agrees with Plaintiffs' arguments, the per diem payments you previously received may be reclassified as taxable income, and USWS will issue you revised IRS Form W-4s for the applicable time periods. You will be responsible for paying income tax on the additional amounts of taxable income and, in some instances, may be required to pay a higher percentage on all income for the applicable time period, if the additional taxable income removes you to a higher tax bracket. In addition, any additional overtime compensation you receive will be subject to taxation and will also be reported on the applicable IRS forms. If you have any questions regarding the potential tax consequences of this lawsuit, you should consult with your own tax advisor or accountant.

(Doc. 57, Def.'s Br. at 4).  Plaintiffs, on the other hand, argue that inclusion of this statement is "false and misleading, [and] clearly intended to discourage participation."  (Doc. 58, Pls.' Br. at 2).  Neither party cited any supporting case law—controlling or otherwise—that squarely addresses this issue.

It is not appropriate for the Court to consider the merits of the parties' claims and defenses at the conditional certification stage.  *See Heaps v. Safelite Sols., LLC*, No. 2:10 CV 729, 2011 WL 1325207, at *4 (S.D. Ohio Apr. 5, 2011) (Frost, J.) (rejecting defendant's argument that conditional certification should be denied because defendant's policy was lawful because the argument "relates to the merits of this action and is not the relevant inquiry at this stage of the proceedings").  In support of their arguments for and against the inclusion of the above-cited language, both parties have posited theories regarding the ultimate tax treatment of any potential awards to the putative plaintiffs.

The few courts that have squarely addressed this issue are split.  In *Lewis v. ASAP Land Exp., Inc.*, No. 07-2226, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008), the court held that

3

inclusion of such language "might unfairly suggest that recovery is likely or, conversely, altogether dissuade those with meritorious claims from joining the action."  Similarly, in *Abdulina v. Eberl's Temp. Servs., Inc.*, 14-cv-314, 2015 WL 12550929, at *8 (D. Colo. Apr. 27, 2015), *report and recommendation adopted as modified*, 2015 WL 4624251 (D. Colo. Aug. 4, 2015), the court concluded that the inherently specific nature of tax advice coupled with the notice's inability to precisely address tax implications did not warrant the inclusion of any language concerning tax implications.  On the other hand, other courts have found such information to be important to putative plaintiffs who are trying to make an informed decision.  *See Agerbrink v. Model Serv. LLC*, 14 Civ. 7841, 2016 WL 406385, at *4 (S.D.N.Y. Feb. 2, 2016) ("potential plaintiffs must be made aware of these issues if they are to make an informed decision on whether to opt in to the FLSA . . . ."); *Brown v. Mustang Sally's Spirits & Grill, Inc.*, 12-cv-529S, 2012 WL 4764585, at *4 (W.D.N.Y. Oct. 5, 2012) (same).

As with all disputes concerning the language contained in FLSA notices, the Court must strike a balance between the potential *in terrorem* effect of the language and the desire to provide putative plaintiffs with sufficient information to allow them to make an informed decision on whether they wish to participate in the subject litigation.  Here, the Court finds that some statement is warranted, but not to the detailed extent proposed by USWS.  The Notice shall read: "As with all lawsuits seeking money damages, there may be tax implications if you are successful on the merits of your claim.  If you have any questions regarding the potential tax consequences of this lawsuit, you should consult with your own tax advisor or accountant."  The remainder of USWS's proposed language shall be absent from the Notice.

**B.      Plaintiff's Right to Select Counsel of their Own Choosing**

The parties have agreed that Plaintiffs' counsel shall serve as lead counsel in this collective action.  This Court has previously held that "[i]nforming potential plaintiffs of their

4

right to choose their own counsel is an appropriate element in a notice." *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-CV-2959, 2016 WL 5104891, at *4 (S.D. Ohio Sept. 20, 2016) (Smith, J.); *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1073 (S.D. Ohio 2016) (Smith, J); *Heaps*, 2011 WL 1325207, at *9 (citing, *inter alia*, *Douglas v. GE Energy Reuter Stokes*, No. 1:07-CV-77, 2007 WL 1341779, at *4 (N.D. Ohio Apr. 30, 2007)).

As such, the Court hereby orders that the Notice language under the heading "VII. NO LEGAL EFFECT IN NOT JOINING THE SUIT" be amended to read: "If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable. If you choose not to join in this lawsuit, you may file your own lawsuit with counsel of your own choosing."

**C.     Language Relating to Lead Counsel's Fee Arrangement**

Finally, the parties have agreed to language pertaining to the fee agreement under which lead counsel will represent the putative plaintiffs. The proposed Notice states that lead counsel will represent the putative plaintiffs on a contingency fee basis and will advance the costs of litigation incurred by Plaintiffs, repayment of which will be contingent on the outcome of the matter. Further, lead counsel has agreed that it will "advance" the litigation expenses incurred by USWS in the event Plaintiffs are not successful on their claims and the Court awards those costs to USWS.

Recently, this Court has had two separate occasions to address the propriety of officially sanctioning such agreements in light of Ohio Rule of Professional Conduct 1.8(e). *See Ganci*, 2016 WL 5104891, at 5–6; *Fenley v. Wood Grp. Mustang, Inc.*, No. 2:15-CV-326, ECF No. 61 at 3–4 (S.D. Ohio May 2, 2016) (Smith, J.) ("*Fenley II*"). In *Ganci* and *Fenley*, this Court acknowledged that there is support for the argument that "indemnifying" a client against the possibility of being held liable for an adverse party's litigation expenses is distinguishable from

5

the more traditional notion of an attorney advancing costs incurred by its client, and Rule 1.8(e) does not necessarily permit this practice. The rationale being that Rule 1.8(e)'s purpose is to allow a lawyer to advance costs of litigation "to ensure an indigent client access to justice: A case can neither start nor proceed without payment of costs, experts and discovery. But the access-to-justice rationale does not warrant or justify the provision of an indemnity against an unconventional, non-traditional litigation risk—a risk which will not even be determined until after the case is over. A client can get his or her day in court without being first insured against the possibility of adverse party attorney's fees." OK Adv. Op. 323 (Okl. Bar. Assn. Leg. Eth. Comm.), 2009 WL 806564 (2009).

Ohio courts have not weighed in on this issue and neither has any federal court applying Ohio law.[1] In *Ganci* and *Fenley,* this Court ultimately determined that such an arrangement may comport with Rule 1.8(e), but this Court will not endorse such an agreement. Determining whether these types of arrangements are ethically permitted is not appropriate at this stage. For present purposes, the Court-Authorized Notice will not endorse such an agreement. The Court hereby orders that all language in the proposed Notice pertaining to the advancement of costs be stricken and replaced with the following language:

> You will not be required to pay any of your legal fees unless Plaintiffs are successful in this action. Plaintiffs' attorneys are being paid on a contingency fee basis, which means that, if there is a recovery, the attorneys will receive a percentage of any recovery obtained on your behalf or may seek to obtain a Court Order under which they may receive a fee through a separate payment by USWS. If you join this lawsuit and the Court ultimately concludes that USWS is the prevailing party, you may or may not be liable for a portion of USWS's court costs—not including USWS's attorneys' and expert fees. Nothing in this Notice constitutes a waiver by Defendant of its alleged right to pursue costs from opt-in plaintiffs.

---

[1] To the extent of the Court's knowledge, no state or federal courts have directly addressed this aspect of Model Rule of Professional Conduct 1.8(e), which Ohio has adopted.

6

As this Court has stated, "[t]his language effectively notifies opt-in plaintiffs of their potential liabilities and allows them to inquire further should they choose." *Fenley II*, at 4.

### III. CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Conditional Certification (Doc. 32) is **GRANTED**. The Court has altered the Notice consistent with this Opinion and Order and it has been circulated to counsel of record. Pursuant to the agreement of the parties, USWS shall produce to lead counsel the names and last-known contact information for all putative plaintiffs.

The Clerk shall **REMOVE** Document 32 from the Court's pending motions list.

**IT IS SO ORDERED.**

                     */s/ George C. Smith*
                     **GEORGE C. SMITH, JUDGE**
                     **UNITED STATES DISTRICT COURT**